L. F. W. AREND, Respondent, *v.* CHRISTOPHER SMITH, Appellant.

1. PROMISE — CONSIDERATION. A promise without a legal consideration as an equivalent cannot be enforced.

2. PAYMENT OF DEBT. The payment of a valid and admitted debt by the one who owes it is no foundation for a promise, even by the creditor, let alone a stranger to the original consideration.

3. PROMISE MADE TO INDUCE PERFORMANCE. Although a promise is made in order to induce performance, it is incapable of sustaining an action or maintaining a defense, when the act performed is no more than the legal duty then resting upon the party.

4. PROMISE WITHOUT CONSIDERATION. The making of a note, by a debtor of a corporation at the request of one of its officers, in order to raise money with which to pay the maker's debt to the corporation, furnishes no consideration for a promise by the officer individually to renew the note.

*Arend* v. *Smith*, 81 Hun, 615, affirmed.

(Submitted December 24, 1896; decided January 19, 1897.)

APPEAL from a judgment of the General Term of the Supreme Court in the fifth judicial department, entered November 26, 1894, which affirmed a judgment in favor of plaintiff entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Stephen Lockwood* for appellant. The court erred in directing a verdict for the plaintiff and refusing to submit the evidence to the jury. (L. 1890, ch. 565, § 2 ; L. 1850, ch. 140, § 5 ; Chitty on Cont. 29 ; 1 Pars. on Cont. 439 ; Pollock on Cont. [4th ed.] 177, 178 ; *Miller* v. *Drake*, 1 Caines, 45.)

*Mason & Kellogg* for respondent. There was no consideration for any promise to renew the note in suit, made before or at the time said note was given. (*Robinson* v. *Jewett*, 116 N. Y. 40 ; *Bartlett* v. *Wyman*, 14 Johns. 259 ; *Crosby* v. *Wood*, 6 N. Y. 369 ; *Vanderbilt* v. *Schreyer*, 91 N. Y. 392 ; *H. Ins. Co.* v. *Watson*, 59 N. Y. 390 ; *Kellogg* v. *Olmsted*, 25 N. Y. 189 ; *Parmelee* v. *Thompson*, 45 N. Y. 58 ; *Halliday* v. *Hart*, 30 N. Y. 474 ; *Taylor* v. *Bates*, 5 Cow. 376 ;

*Pabodie* v. *King*, 12 Johns. 426; *Tryon* v. *Jennings*, 22 How. 421; *Swift* v. *State of N. Y.*, 89 N. Y. 52; *In re Wilbur* v. *Warren*, 104 N. Y. 193.) As to the promise to renew the $500 note alleged to have been made at the time it fell due, there was no absolute promise at that time to renew the said note, and even if there had been, there is not a particle of evidence in the case that there was any consideration whatever for such a promise. (*Graham* v. *Negus*, 55 Hun, 440; *Fuller* v. *Negus*, 29 N. Y. S. R. 192.)

VANN, J. On the seventeenth of February, 1893, the plaintiff was president of a railroad corporation to which the defendant was indebted in the sum of $1,000, then past due, upon a subscription for stock issued to him by the company. The plaintiff, as president, demanded payment of the sum subscribed, and threatened suit by the company in case it was not paid, as he had on one occasion about a month before. The defendant said that he had plenty of property, but owing to the hard times he had no money, and could not then pay the debt. The plaintiff asked him for his note and said that he could get it discounted, and the defendant replied that when the note fell due he would not be able to pay it. The plaintiff then said that when the note became due he would "renew it and renew it again," if the defendant so desired. The defendant thereupon made his promissory note for $500 at three months and delivered it to the plaintiff, who at once indorsed it, procured it to be discounted at a bank and paid the proceeds over to the railroad company to apply upon the debt of the defendant, who himself paid the sum charged by the bank for discounting the note. The plaintiff had no pecuniary interest in the debt or the note, except as an indorser for the accommodation of the defendant. On the 22nd of May, 1893, when the note became due, the defendant could not pay it, and so informed the plaintiff, who told him to make out a new note, and added that he had better make it for $1,000 so as to pay the balance of the subscription, and that he, the plaintiff, would get it discounted. The new note

was accordingly made for that amount and delivered to the plaintiff by the defendant, who promised to pay the sum charged as discount as soon as it could be ascertained. Owing to stringency in the money market, the banks refused to discount the note and the plaintiff notified the defendant that he must take care of the first note, but he omitted to do so. On the sixth of June the second note was returned to the defendant, who accepted it, and has retained it ever since. The plaintiff was compelled to pay the bank the amount of the first note, which was thereupon delivered to him, and this action was brought to recover the sum so paid from the defendant. The answer sets up as a defense the agreement to renew and the violation thereof by the plaintiff, and the only question presented for decision is whether that agreement was supported by a sufficient consideration.

When the agreement in question was made the defendant owed the plaintiff nothing, but he owed the railroad company one thousand dollars that was then due. He was under a lawful obligation to pay that debt, and the giving of a note to raise money for that purpose was an advantage to him only, as it extended the time of payment. As he did no more than his duty no consideration could arise from the act. The payment of a valid and admitted debt by the one who owes it is no foundation for a promise, even by the creditor, let alone a stranger to the original consideration. The defendant parted with nothing that the law recognizes as of value, and suffered nothing that the law recognizes as an injury. He virtually borrowed the credit of the plaintiff to pay a precedent debt that he owed to a third party. When the note was delivered to the plaintiff he had no title to it, but simply held it as the agent of the defendant, for the purpose of procuring it to be discounted for his benefit. While he requested payment of the debt, it was only as president that he did so, and in that capacity he had the right to demand it. As the defendant did not have the money the plaintiff requested him to give a note, not for his own advantage, but in order to raise money for the accommodation of the defendant, himself. Under these

circumstances the promise of the plaintiff was a naked engagement that involved no legal obligation, but rested wholly upon the integrity and good faith of the one who made it, with no power in the courts to compel performance or to award damages for non-performance. As was well observed by one who wrote almost the first work upon the common law that is now extant, " A nude or naked promise is where a man promiseth another to give him certain money such a day, or to build a house, or to do him such certain service, and nothing is assigned for the money or for the building, or for the service. These be called naked promises, because there is nothing assigned why they should be made, and no action lieth in these cases, though they be not performed." (Doctor and Student, Dial. 2, ch. 24.) Although the promise in this case was made to induce performance, as the act performed was less than the legal duty already resting upon the defendant, it was incapable of sustaining an action or maintaining a defense. While the plaintiff was doubtless interested in the corporation, and thus indirectly interested in the debt owing it by the defendant, still he owned no part of that debt, for it belonged wholly to the railroad company. Even if he had owned it all, however, his promise would, notwithstanding, have been without consideration, for, at the most, he simply induced the defendant to do indirectly what the law required him to do directly, and that was to pay his own debt. No consideration can arise simply from the method of doing an act which it is one's duty to do. The subject does not admit of extended discussion, for it has been a principle of the common law from the earliest times that a promise without a legal consideration as an equivalent cannot be enforced, and it is well settled that " the performance of an act which the party is under a legal obligation to perform cannot constitute a consideration for a new contract." (*Robinson* v. *Jewett*, 116 N. Y. 40.)

The judgment should be affirmed, with costs.

All concur, except HAIGHT, J., not sitting.

Judgment affirmed.