The court adopted this opinion at January term, 1899.

---

GENERAL ELECTRIC CO. v. NASSAU ELECTRIC R. CO. et al.

(Supreme Court, Appellate Division, Second Department. January 31, 1899.)

1. BILLS AND NOTES—DEFENSES—WANT OF CONSIDERATION.
    Where a note was given in settlement of a suit for the infringement of certain patents, apparently valid, and both parties acted in good faith, the maker cannot avoid payment on the ground of want of consideration, because the patents were subsequently adjudged void in another suit.
2. SAME—PAYEE'S RIGHT TO SUE.
    The fact that the payee of a note, given in settlement of a pending suit, was not a party thereto, does not affect his right to recover thereon.

**3. SAME—CONSIDERATION.**
> A note was given in settlement of a suit for the infringement of patents on electric car equipments to a company not a party to the suit, which also agreed to promptly furnish the maker any trolley equipment it might require. *Held* that, though the patents were invalid, there was a sufficient consideration for the note moving from the payee in this additional agreement.

Appeal from judgment on report of referee.

Action by the General Electric Company against the Nassau Electric Railroad Company and another. From a judgment in favor of plaintiff on the report of a referee, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, HATCH, and WOODWARD, JJ.

Clarence J. Shearn (Henry Yonge, on the brief), for appellants.

John W. Houston, for respondent.

HATCH, J. This action is brought to recover upon a promissory note for the sum of $17,500 and interest, executed by the defendant the Nassau Electric Railroad Company, and indorsed by the defendant Tom L. Johnson, payable to the order of the plaintiff. The note was originally given to secure the payment of the sum of $20,000, and, the same having fallen due according to its terms, payment of $2,500 was made thereon, and the present note was given for the balance remaining unpaid. The defense interposed by the answer sets up a lack of consideration moving from any party to either defendant. It appeared upon the trial that, prior to the execution and delivery of the note, there was a suit pending in the United States circuit court in which the Thomson-Houston Electric Company was plaintiff and the defendant railroad company and its officers were defendants. That action was brought for the purpose of procuring an injunction, and also for an accounting for the infringement of certain claims numbered 6, 7, 8, 12, and 16 of United States letters patent No. 495,443. In that action a preliminary injunction had been granted restraining the defendant railroad company from infringing the said claims secured to the plaintiff therein by its letters patent, which covered certain street-railroad car equipments. Subsequent to the entry of this injunction order, an agreement of settlement was made by and between the General Electric Company and the Thomson-Houston Company, parties of the first part, and the defendant railroad company, party of the second part, of the matters in dispute in said action. This agreement, inter alia, recited that the defendant railroad company, by the use of certain electric street-car equipments, was infringing the said above-mentioned letters patent, then owned by the said Thomson-Houston Company; and in consideration of the sum of $20,000, to be paid by the said defendant railroad company to the plaintiff in this action, it granted to said railroad company a license to use the said equipments it then had, and also such others as it should thereafter procure; and it further recited: "And the licensee [railroad company] is hereby released from all claim or claims for damages for the infringement of said patent by the purchase and use of said car equipments." The plaintiff herein also agreed that it would at all times promptly furnish, upon certain terms, any trolley

equipment that might be required by the defendant railroad company; and it was further agreed that the plaintiff in the said action pending in the United States circuit court should take a permanent decree of injunction enjoining the defendant railroad company, and its officers, agents, and employés, from using any trolley equipments or trolleys infringing the claims of the said patent, as herein above stated. Pursuant to this agreement, the Thomson-Houston Company abandoned its right to enforce its claims for damages for the infringement of its letters patent prior to that time, and the defendants thereupon made, executed, and delivered the aforementioned note of $20,000. Upwards of a year after the execution of the original note, a judgment was obtained in the circuit court of the United States, in an action instituted by the Thomson-Houston Electric Company against the Hoosick Railroad Company, declaring the said patent, and the claims thereunder, as hereinabove specified, null and void. The defendants in the present action, by answer, set up said judgment, and aver that thereunder the said patent has no validity, and had none at the time of the making and execution of the note, and that, therefore, there is an utter and entire failure of consideration for said note; and they further, by answer, seek to counterclaim against the plaintiff the payment on said note of $2,500.

We are of opinion that the claim of failure of consideration cannot be upheld. It is to be borne in mind that, when the $20,000 note was given, the letters patent were of apparent force and validity, and by the agreement the plaintiff recognized the same. It is not pretended but that at this time both parties acted in perfect good faith, and with a full understanding of the situation. There was no misrepresentation or fraud upon the part of the plaintiff or the Thomson-Houston Company which induced the defendants to execute the agreement of settlement, and to make and deliver the promissory note in pursuance of its terms. The case is, therefore, clearly one of the settlement of a suit and a compromise of the claim upon which it was founded. In the absence of fraud and misrepresentation, such compromise furnishes a good consideration to support a payment or promise to pay thereunder; and in the absence of fraud or misrepresentation, of which no claim is made in this case, such settlement is legally binding upon all the parties thereto. It matters not that it is made to appear thereafter that the claims upon which the suit, in which the compromise was made, was founded, were without validity; as otherwise there could never be a secure settlement of a contested claim, which it is the policy of the law to promote. Stewart v. Ahrenfeldt, 4 Denio, 189; Wahl v. Barnum, 116 N. Y. 87, 22 N. E. 280; Dovale v. Ackermann, 2 App. Div. 404, 37 N. Y. Supp. 959. While it is true that the present plaintiff was not a party to the action in which the compromise was made, yet this in no wise affects the promise to pay made to it. This principle is well settled, and needs no further discussion. Rector, etc., v. Teed, 120 N. Y. 583, 24 N. E. 1014; Sickles v. Herold, 11 Misc. Rep. 583, 32 N. Y. Supp. 1083, and opinion adopted upon this point in same case on appeal, 149 N. Y. 332, 335, 143 N. E. 852. It might be added that there was a consideration moving from the plaintiff to the defendants in the agreement, for

therein it agreed to promptly supply any trolleys which the defendant railroad company might require.

This necessarily disposes, in favor of the plaintiff, of all the questions presented by this record. The case of Marston v. Swett, 82 N. Y. 526, in no wise affects the question upon which the plaintiff's right to recover rests. It is true that, by virtue of the agreement, the defendant company became a licensee of the right to use the car equipments under the letters patent. But this was not all it obtained, for, as we have seen, it also relieved itself of the claim for damages which was sought to be enforced against it; and if it be assumed—a question which it is not necessary for us to decide—that the invalidity of the patent might be shown to defeat any claim arising out of the mere license to use, this would not at all destroy the plaintiff's right to recover, under well-established principles, which are asserted in the authorities already cited.

It follows that the judgment should be affirmed.

Judgment affirmed, with costs. All concur.