(63 App. Div. 432.)

### FAR ROCKAWAY BANK v. SMITH et al.

(Supreme Court, Appellate Division, Second Department.   July 25, 1901.)

NOTES—REINDORSEMENT—RELEASE FROM LIABILITY—CONSIDERATION.
   An agreement not to hold an indorser liable, to induce him to indorse
   a note given in renewal of another note which he had previously in-
   dorsed, is without consideration, as the performance of an act which a
   party is already obligated to perform cannot constitute a consideration
   for a new contract.

Appeal from special term, Queens county.

Action by the Far Rockaway Bank against George W. Smith and
Franklin C. Norton.   From a judgment on a decision of a referee
in favor of defendant Norton, plaintiff appeals.   Reversed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-
BERG, JENKS, and SEWELL, JJ.

M. Linn Bruce, for appellant.
A. N. Weller, for respondent Norton.

SEWELL, J.   This action was brought to recover upon a promis-
sory note for $500, dated the 5th day of December, 1898.   It appears
that on the 5th day of August, 1898, the plaintiff let the defendant
Smith have $500 upon a note signed by him as maker, and indorsed
by defendant Norton; that when this note became due it was re-
newed by giving another note, made and indorsed by the same par-
ties; and that this note was protested for nonpayment, and subse-
quently renewed by giving the note involved in this action.   The
referee found:

"That on or about the 5th day of December, 1898, the defendant Smith and
the defendant Norton were liable to the plaintiff upon a certain promissory
note made by the defendant Smith for $500, payable to the plaintiff, and in-
dorsed in blank by the defendant Norton, and that said note was on or about
that day protested for nonpayment.   That subsequent to the protesting of
said note the defendant Norton, the defendant Smith, and the president of
the plaintiff met at the office of the latter in the banking house of the plain-
tiff, and the promissory note upon which this action was brought was then
made by the defendant Smith, indorsed in blank by the defendant Norton, and
delivered to the plaintiff, and the protested note surrendered to the defendant
Smith.   That the defendant Norton was induced to indorse the note in suit by
an agreement made between the defendant Smith and the president of the
plaintiff, on the one side, and the defendant Norton, upon the other side, that
in no event would he (the defendant Norton) become liable to pay the note
in suit by reason of such indorsement, but that the same would be paid out
of the money thereafter to be paid to the plaintiff by the town of Hempstead
for the defendant Smith."

We feel constrained to differ with the learned referee upon the
question whether the evidence shows that the defendant Norton
was induced to indorse the note by the agreement testified to by
him, and to hold that no such agreement was made.   The defend-
ant testified unqualifiedly and explicitly that such an agreement was
made, and the president of the plaintiff testified as unqualifiedly
and explicitly that it was not.   There is no evidence in the case of
any statement or circumstance that in the slightest degree corrobo-

rates the defendant, and, if the question whether there was an agreement or not rested only upon the testimony of these two witnesses, the case would then stand evenly balanced. The evidence of the defendant was not only met by the direct and positive testimony of the plaintiff's president, but it is contradicted by the written contract, which implies an undertaking on the part of the defendant to pay the full amount of the note to the holder on receiving due notice that the maker, on demand made at the proper time, had neglected to pay. The note bears directly upon the issue created by the antagonistic testimony of the two witnesses, and, if it did not determine that issue in favor of the plaintiff by a clear preponderance of proof, it is only necessary to consider the apparent improbability .of the defendant's statement of the transaction, and its inconsistency with the facts, to do so. It is undisputed that the plaintiff loaned the money relying upon Norton's indorsement, that the original note was renewed on that condition, and that the renewal note was protested to fix the liability of the defendant. No reason is assigned for any agreement on the part of the plaintiff, and it is impossible to believe that, after the defendant's liability upon the prior note had become fixed, the plaintiff released the defendant in advance from all liability on the note in suit to induce him to indorse it. Such a transaction would be against the interests of the bank, inconsistent with all business methods, and contrary to all experience. We think that the preponderance of evidence in favor of the plaintiff is so great that it can be said with reasonable certainty that the referee erred in his conclusion. It is not necessary, however, for the determination of this case to pass upon the facts from the evidence. If there had been sufficient proof of the agreement, it would not have availed the defendant, as it was not supported by a sufficient consideration. When the alleged agreement was made, the defendants were indebted to the plaintiff upon the prior note. They gave another note to renew it, which contained a promise to pay the indebtedness that had accrued. Neither of the defendants did more than his duty in giving this note, and therefore no consideration could arise from that act. The effect of such an agreement was considered in Arend v. Smith, 151 N. Y. 502, 505, 45 N. E. 872, where the court says:

"Although the promise in this case was made to induce performance, as the act performed was less than the legal duty already resting upon the defendant it was incapable of sustaining an action or maintaining a defense. * * * The subject does not admit of extended discussion, for it has been a principle of the common law from the earliest times that a promise without a legal consideration as an equivalent cannot be enforced, and it is well settled that 'the performance of an act which the party is under a legal obligation to perform cannot constitute a consideration for a new contract.' "

The judgment appealed from should be reversed upon the questions of fact and of law, and a new trial granted before another referee, to be appointed at special term; costs to abide the event. All concur.