(37 Misc. Rep. 164.)

### HARVEY v. AYRES.

(Supreme Court, Trial Term, Kings County. February, 1902.)

NOTES—INDORSEMENT—CONSIDERATION.

　　Where plaintiff agreed to convey certain property to the purchaser in consideration of notes to be given in payment, he cannot enforce such notes against the broker who indorsed them to prevent the sale falling through, the delivery of the deed affording no consideration for such indorsement, where the owner was legally bound under the contract to convey.

Action by George Harvey against George I. Ayres to recover of defendant as indorser of two notes. Verdict for plaintiff set aside, and verdict directed for defendant.

The evidence shows a written contract by plaintiff to convey a house and lot on a day named, $1,000 of the purchase price to be paid by promissory notes of the purchaser. Plaintiff refused to accept the notes unless indorsed. Defendant indorsed the same, whereupon the deed was delivered. The case was submitted on the single question of fact as to whether plaintiff had promised defendant that he would not hold him responsible on his indorsement.

George G. Reynolds, for plaintiff.
W. R. Kissam, for defendant.

GAYNOR, J. I regret that the learned counsel for the defendant has neglected to furnish a brief as he was requested to do, but has

left the court without the aid of any research as on the trial. There was no consideration for the contract of endorsement. The plaintiff was under legal obligation to deliver the deed of conveyance on the tender of the two notes as made by the purchaser. The performance of that obligation could not constitute a consideration for the new contract, i. e., the defendant's contract of endorsement. Arend v Smith, 151 N. Y. 502, 45 N. E. 872.

The verdict is set aside and a verdict directed for the defendant.