PEPE et al. v. RODENA REALTY CO.

(Supreme Court, Appellate Term, First Department. January 3, 1914.)

BROKERS (§ 40*)—CONTRACT FOR COMMISSION—CONSIDERATION.

A property owner's agreement to pay real estate brokers, in charge of his property as general agents, extra compensation for leasing same is void when made without consideration.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 38–40; Dec. Dig. § 40.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Michael E. Pepe and another against the Rodena Realty Company. From a judgment for plaintiffs for $116 damages besides costs, entered after trial by the court, defendant appeals. Reversed, and complaint dismissed.

Argued December term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Lesser Bros., of New York City, for appellant.
Simmons, Harris & Rofrano, of New York City, for respondents.

GUY, J. This action was brought to recover 2½ per cent. commissions alleged to have been earned by real estate brokers on renewals of leases of defendant's property of which they were in charge as general agents. The defense was a denial and payment.

Plaintiff Vincent C. Pepe testified that his firm of real estate brokers were in charge of defendant's property, as general agents, at a commission of 2½ per cent. on the rents collected; that they ordered repairs, subject to its president's approval, collected and remitted rents, and "looked after the tenants and about leases, and so on." In the fall of 1912 a number of leases expired, and one of the plaintiffs testified that he told defendant's president they would want the "usual commission" for renting the lofts, which he testified was 2½ per cent. on the year's rental. All the tenants but one renewed their leases, and one tenant was induced to take a vacant loft in addition. The plaintiffs were discharged as general agents on January 31, 1913. On that

date they sent defendant a bill for an additional 2½ per cent. commission on said renewal leases. Prior thereto they had rendered to defendant statements of account for December, 1912, and January, 1913, which contained no charge of said commission or reference thereto. Defendant's president, Reynolds, denied absolutely any agreement to pay the general agents any extra commission for leasing, or that he and plaintiffs even discussed the subject, and introduced convincing expert evidence that it is the established custom in the real estate business for brokers employed as general agents of property to attend to the leasing of the property and renewing the leases without extra compensation. Plaintiffs' evidence as to the making of a special contract for extra compensation was uncorroborated and, in our judgment, discredited. But, if made, it was without consideration. A naked promise without a consideration as an equivalent cannot be enforced because it involves no legal obligation. Arend v. Smith, 151 N. Y. 502, 505, 45 N. E. 872; Carpenter v. Taylor, 164 N. Y. 171, 177, 58 N. E. 53; Robinson v. Jewett, 116 N. Y. 40, 53, 22 N. E. 224.

Judgment reversed, with costs, and complaint dismissed, with costs.

SEABURY, J., concurs. BIJUR, J., concurs in result.