(86 Misc. Rep. 481)

### VILLAGE OF SENECA FALLS v. BOTSCH et al.

(Supreme Court, Special Term, Seneca County. July, 1914.)

1. MUNICIPAL CORPORATIONS (§ 346*)—HIGHWAYS—IMPROVEMENTS—VALIDITY OF BOND—CONSIDERATION.

Where a contractor had constructed a highway for the state, and, after the work was completed and accepted, the state refused to pay therefor until he gave a bond guaranteeing, beyond the terms of the contract, to keep that portion of the highway lying within a village in good repair, a bond given pursuant to such demand and running to the village was unenforceable because without consideration.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 346.*]

2. CONTRACTS (§ 75*)—CONSIDERATION—SUFFICIENCY.

The payment of a valid and admitted debt by one who owes it can constitute no consideration for a promise by the creditor.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 273–285; Dec. Dig. § 75.*]

3. PLEADING (§ 193*)—WANT OF CONSIDERATION—DEMURRER.

The defense of lack of consideration for the contract sued on may be presented by demurrer, where such lack affirmatively appears from the complaint.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 425, 428–435, 437–443; Dec. Dig. § 193.*]

Action by the Village of Seneca Falls against Frederick A. Botsch, Jr., and others. Demurrer to complaint sustained.

John S. Gay, of Seneca Falls, for plaintiff.
Smith & Hebbard, of Rochester, for defendants.

SAWYER, J. [1] The complaint in this action contains a verbatim copy of the bond sued upon, together with the usual averments as to failure of compliance, amount due, etc., and upon the bond itself depends the statement of a cause of action. Its recital is as follows:

"Whereas, the said Frederick A. Botsch, Jr., contracted with the people of the state of New York for the construction of a state highway known as No. 5100, part of which runs through the village of Seneca Falls, N. Y., for about one-half mile on Ovid street, which contract is completed and accepted, and final payment will be made on condition that Frederick A. Botsch, Jr., the contractor, guarantees to keep that portion of state highway No. 5100, which runs through the village of Seneca Falls about one-half a mile on Ovid street, in good condition and repair, without expense to said village of Seneca Falls."

From this it appears that the defendant Botsch had constructed for the state of New York, under a contract with it, a certain highway, part of which lay within the village of Seneca Falls; that the work had been completed and accepted, but that the state refused to pay therefor, unless Mr. Botsch would guarantee to keep that portion lying within said village in good condition and repair without expense to the village; the condition of the bond which runs to the plaintiff provides for such maintenance for the period of one year from the date of the completion and acceptance.

There is an absence of allegation of any contract duty resting upon Mr. Botsch to maintain this road in repair, or of any right vested in either the state of New York or in the village of Seneca Falls to exact such a requirement as a condition precedent to payment for the work already done. On the contrary, the fair construction is that such requirement was entirely independent of any such duty or right.

[2] The rule is well settled that the payment of a valid and admitted debt by the one who owes it is no foundation for a promise by the creditor; that the payment of such a debt is a duty, and no consideration for any promise can be predicated upon its payment. Performance of an act which the party is under a legal obligation to perform cannot constitute a consideration for a new contract. Arend v. Smith, 151 N. Y. 502, 45 N. E. 872.

[3] Usually a written instrument for the payment of money imports a consideration, and the defense of lack of consideration cannot be raised by demurrer but must be set up by an answer. Sprague v. Sprague, 80 Hun, 285, 30 N. Y. Supp. 162.

This doctrine is based upon a presumption that the instrument was given for value, but, when it affirmatively appears from the complaint that the instrument was without valid consideration, no such presumption exists. The contract, then, is pleaded as a mere naked promise which does not constitute a cause of action, and a demurrer will lie. In view of the conclusion reached by me upon this question, I do not attempt to pass upon others which have been urged.

Demurrer sustained, with costs, with leave to plaintiff to serve an amended complaint within 20 days after notice of entry of judgment hereon.

Demurrer sustained, with costs, with leave to plaintiff to serve amended complaint.