In the Matter of HERMAN G. FRIEDMANN, an Attorney.— Reference ordered before Hon. John W. Goff, official referee. Respondent may, if he desires, file an amended answer within another twenty days from date. Settle order on notice. Present — Dowling, Laughlin, Smith, Page and Merrell, JJ.

In the Matter of JOHN McGREGOR, an Attorney.— Reference ordered before Hon. Henry A. Gildersleeve, official referee. Settle order on notice. Present — Clarke, P. J., Laughlin, Dowling and Merrell, JJ.

In the Matter of LOUIS FRIDIGER, an Attorney.— Reference ordered before Hon. John W. Goff, official referee. Present — Clarke, P. J., Laughlin, Dowling and Merrell, JJ.

J. LAWRENCE GREENFIELD and Another, Respondents, v. FORDHAM HEIGHTS REALTY COMPANY, INC., Appellant.— Judgment and order affirmed, with costs. No opinion. Present — Clarke, P. J., Laughlin, Smith, Page and Merrell, JJ.; Smith and Page, JJ., dissenting.

In the Matter of the Application of REGINALD CONNOR to Cancel the Enrollment of BERNARD I. LIPSHAY, etc., as an Enrolled Member of the Democratic Party.— Order affirmed, without costs. No opinion. Present — Dowling, Laughlin, Page, Merrell and Greenbaum, JJ.

In the Matter of the Objections of REGINALD CONNOR to the Papers Purporting to Be a Petition of Designation for Member of State Committee, Democratic Party, etc.— Order affirmed, without costs. No opinion. Present — Dowling, Laughlin, Page, Merrell and Greenbaum, JJ.

---

SECOND DEPARTMENT, MARCH, 1920.

JULIA A. GILMAN, Respondent, v. MABEL R. HUNNEWELL, Appellant.

*Contracts — consideration — evidence insufficient to establish valid consideration.*

Appeal by the defendant from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 12th day of April, 1912.

PER CURIAM: The agreement in suit is without consideration. All the plaintiff had done for the defendant prior to the agreement clearly imposed no legal obligation upon the defendant and was, therefore, no consideration for the agreement. (*Arend* v. *Smith,* 151 N. Y. 502; *Chilcott* v. *Trimble,* 13 Barb. 502; 9 Cyc. 358.) There was no moral obligation existing at the time of the making of the agreement. The plaintiff had made gifts to the defendant but these did not create a moral obligation. A moral obligation is an imperative duty which would be enforcible by law were it not for some positive rule, which, with a view to a general benefit, exempts a party in that particular instance. (*Goulding* v. *Davidson,* 25 How. Pr. 483, 484; *Tebbetts* v. *Dowd,* 23 Wend. 379, 382; 9 Cyc. 363.) After the agreement was executed the plaintiff did nothing for the defendant. The plaintiff occasionally wrote a friendly letter to the defendant and once procured someone to send a telegram for the defendant. These are merely

acts of friendship and courtesy and do not constitute a consideration. However, when the defendant apparently needed money, the plaintiff was unable to furnish it and recommended that the plaintiff apply to her lawyer. The judgment should be reversed, with costs, and the complaint dismissed, with costs.   Present — Jenks, P. J., Rich, Putnam, Blackmar and Jaycox, JJ. Judgment reversed with costs, and complaint unanimously dismissed, with costs.