NATIONAL UNION BANK OF MONTICELLO, NEW YORK, as Administrator c. t. a. of the Last Will and Testament of ESTELLE B. CRAWFORD, Deceased, Plaintiff, v. ELLSWORTH BAKER, Defendant.

Supreme Court, Sullivan County, April 17, 1931.

*John D. Lyons* [*Nellie Childs Smith* of counsel], for the plaintiff.
*Ellsworth Baker*, defendant in person.

McNamee, J. The defendant Baker gave to Estelle B. Crawford, plaintiff's testatrix, an instrument under seal dated December 10, 1923, and acknowledged on December fourteenth following, according to which the defendant agreed to save Mrs. Crawford harmless against loss on account of a certain bond and mortgage held by her, and the foreclosure thereof, and against the claim of another. All of the provisions of the contract had for their end this primary object of saving Mrs. Crawford harmless. The bond and mortgage have been foreclosed, and the amount now due on the judgment in that action aggregates more than $6,500; and it is for the recovery of the sum thus due that this action is brought.

Under the judgment of foreclosure a sale was had June 6, 1922, on which the defendant bid in the property, and he subsequently paid to the referee on his bid the sum of $2,370. It was then discovered that the judgment of foreclosure incorrectly described the property, and entirely omitted from the description a parcel of twenty acres. Upon application to the court the judgment was amended by entirely striking therefrom the original description and substituting a correct and complete description as contained in the complaint, and directing a new sale of the premises, which was had December 10, 1923. In the interim a part of the $2,370 was repaid to defendant. On the sale of December 10, 1923, the defendant offered the highest bid for the property, viz., $3,100, but this sale was never consummated by payment of the amount of the bid, nor was any attempt made by the defendant to enforce the sale. And since that time the property has been again sold. At or about the time of this later sale the contract sued upon was delivered, and the balance of the $2,370 paid by defendant on the previous sale was returned to him.

On the trial the question litigated was whether or not there was a consideration for the contract of guaranty. The contract itself states it was made " in consideration of plaintiff [in the foreclosure action, then Mrs. Crawford] consenting that said referee is not required to apply said sum of $2,370 on account of said judgment, but that the same belongs to said Baker, and in consideration of the mutual dealings of the parties." In the recitals of the contract is a statement that a dispute has arisen as to whether or not the said sum ($2,370) should be applied in reduction of said judgment, and also that another subsequent lienor made a claim against the plaintiff on account of said money. The defense was that of no consideration, while the plaintiff contends that the compromise of the " dispute " referred to in the recitals constitutes a valid consideration that will support the contract.

The plaintiff relies on the line of cases which hold that the

surrender, or composition, or compromise of a claim is a good consideration and will support a contract, whether the claim be valid or not, or whether it could be enforced or not, and cites ample authority for the principle for which it contends. (*Rector* v. *Teed*, 120 N. Y. 583, 587; *White* v. *Hoyt*, 73 id. 505, 514, 515; *General Electric Co.* v. *Nassau Electric Co.*, 36 App. Div. 510, 512, 513; *Dovale* v. *Ackermann*, 2 id. 404, 407.) Without denying the principle upon which those cases were decided, the defendant cites the authorities which hold that there must be a settlement or compromise of a colorable claim, or one that has substance, as distinguished from a mere claim that has no apparent basis in law. (*Carpenter* v. *Taylor*, 164 N. Y. 171, 177; *Arend* v. *Smith*, 151 id. 502; *Pepe* v. *Rodena Co.*, 144 N. Y. Supp. 1070; *Village of Seneca Falls* v. *Botsch*, 86 Misc. 481, 483.)

Thus it is essential to determine whether the facts in the case are such as to give color or substance to the claim of the plaintiff which is alleged to have been compromised. Because if Mrs. Crawford lost any right, even a colorable one, or if the defendant gained an advantage which was clearly not his as a matter of legal right, then the compromise would be such as to constitute a legal consideration.

The defendant became the bidder in the foreclosure sale of June 6, 1922, and by reason of th'at bid parted with $2,370 to the referee. The defect in the description of the premises as contained in the judgment of foreclosure was clearly such as to vitiate the sale, and render it unenforcible. And because of this the plaintiff in the foreclosure action, Mrs. Crawford, moved to amend the judgment. And while the judgment as amended did not in language set aside the sale of June sixth, and did not direct the referee to return the money received thereunder by him, nevertheless, the direction of a new sale in the amended judgment was in legal effect a setting aside of the first sale, and was the equivalent of directing the referee to return the moneys received thereunder. And as a matter of law, after the amended judgment of foreclosure was entered, the plaintiff in that action and the bidder at the previous sale bore no more relation to each other than if the sale of June sixth had never taken place. But the result was that the referee had in his hands the money which had been paid to him by the bidder, with no right thereto; and his clear duty was, as an officer of the court, to return that money as soon as the amended judgment of foreclosure, satisfactory to all parties, was entered.

If I am right in these observations, the plaintiff in the foreclosure action parted with nothing to which she had even the color of right, or to which she could make any claim in good faith; and

the bidder, who is the defendant here, received nothing except that which he had a clear right to have, even without demand. The judgment of foreclosure under which he parted with the $2,370 failed of its purpose, and in legal effect the sale thereunder was set aside; and the net result was to leave in the hands of the officer of the court $2,370 belonging to the defendant here.

Accordingly, the contract of guaranty was delivered without consideration, and is unenforcible, and the action of the plaintiff, should be dismissed.