In the Matter of the Accounting of JULIA S. STOEHR, as Executrix of AUGUST TSCHIRKY, Deceased.

Surrogate's Court, Ulster County, December 8, 1954.

*David W. Corwin* for executrix, petitioner.

*David S. Kumble* for June Pelham, objectant.

STERLEY, S. Petitioner, on June 28, 1954, filed in this court her account in the above-entitled estate.

On April 9, 1954, June Pelham, by her counsel, David S. Kumble, filed certain claims against the estate of August Tschirky, deceased, and on July 27, 1954, the objectant, June Pelham, by her attorney, filed certain objections against the account as filed by the petitioner herein. The objectant among other things objects to the disallowance by the executrix of all of the objections claimed numbered " 1 " to " 4 " inclusive as set forth in her claim dated January 19, 1953, and filed in this court on April 9, 1953, and which said executrix has failed to include as liabilities or obligations of the decedent herein.

The petitioner made a motion on the return of the citation to strike out claims numbered " 2 ", " 3 " and " 4 " of the notice of claim filed by the objectant, June Pelham. The petitioner bases her motion on the ground that the alleged contract set forth in claim No. " 2 " is void under section 31 of the Personal Property Law and section 259-a of the Real Property Law. As to claims numbered " 3 " and " 4 ", petitioner contends that both of these claims are based on alleged transactions between the decedent and the coexecutors in the administration of the Oscar Tschirky estate and should have been asserted on the settlement of the accounts of the executors of that estate.

Claim No. " 2 " as filed by the objectant is set forth as follows: " That the decedent at divers times agreed and undertook to make the claimant his sole legatee and distributee in his last Will and Testament, and represented to claimant and to others that she was in fact his sole legatee. That said agreement was based on a valuable consideration and in consideration of love and affection for claimant, and claimant relied upon the aforesaid representations believing them to be true. That by reason of the foregoing, claimant is entitled to receive the entire estate of the decedent."

The material part of section 31 of the Personal Property Law reads as follows: " Every agreement, promise or under-

taking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking: 1. By its terms is not to be performed within one year from the making thereof or the performance of which is not to be completed before the end of a lifetime; * * * 7. Is a contract to bequeath property or make a testamentary provision of any kind." Part of subdivision 1 and the entire context of subdivision 7 were inserted by the Legislature in section 31 by chapter 616 of the Laws of 1933 and became effective on April 29, 1933. The claim filed here does not even allege the fundamental requisites of a binding contract as can be observed from the reading of claim No. 1 as heretofore set forth. A demand for a bill of particulars was served demanding the full substance of such alleged agreements and in reply to this demand claimant stated only: 1(a) " That the objectant would be his sole legatee " and under 1(c) " That objectant would be and after March 1, 1951, had been named by him as the sole object of his bounty."

At no place in the bill of particulars or the notice of claim is there an allegation of any consideration running from the claimant to the decedent at the time of the execution of his will.

" The provisions of the statute must be read in the light of its history and purpose " (*Matter of Frasch*, 245 N. Y. 174, 180). The reasons and motives which lead the Legislature to make the beneficent changes of 1933, are clear to a student of the authorities dealing with the rules of proof in claims against estates and to the experienced specialist either of the Bar or of the Bench who has had to meet the presentation of such claims.

The amendments made in 1933 to section 31 of the Personal Property Law were part of a program of progressive legislation. A second companion bill created a new section 259-a of the Real Property Law and required that a contract to devise or establish a trust of real property or any interest therein or right with reference thereto was void unless the contract or some note or memorandum thereof was in writing. (L. 1933, ch. 574.)

Over a period of many years the Court of Appeals had repeatedly characterized the nature of claims based upon a promise to bequeath as suspicious and as requiring clear, convincing and satisfactory evidence to sustain them. They came within the general class of claims asserted for the first time after death. " Public policy requires that claims against the estates of the dead should be established by very satisfactory

evidence, and that courts should see to it that such estates are fairly protected against unfounded and rapacious raids." (*Matter of Van Slooten* v. *Wheeler,* 140 N. Y. 624, 633.) In a decision of the Appellate Division, First Department, in *Matter of Block* (258 App. Div. 342, 346) Mr. Justice GLENNON reviewed these authorities and pointed out that even before the amendments of 1933 the courts laid down the rule that testimony " should be carefully and critically scrutinized by the triers of fact when offered against a dead person's estate."

Alleged contracts of the character in question have become so frequent in recent years as to cause alarm, and the courts have grown conservative as to the nature of the evidence required to establish them, and in enforcing them, when established, by specific performance. Such contracts are easily fabricated and hard to disprove, because the sole contracting party on one side is always dead when the question arises. Such contracts should be in writing and the writing should be produced, or if based upon parol evidence, it should be given or corroborated in all substantial particulars by disinterested witnesses.

In the adoption of these amendments the Legislature undoubtedly intended to correct the serious omission in the law by abolishing oral promises to bequeath or devise.

To the trier of the facts, who has been presented with many of these forms of claims, the discomforting feeling arises that general expectations of becoming the object of a testator's bounty often ripen into a contract in the mind of the promisee, only after the testator's death.

Acts performed out of natural love and affection or out of courtesy or the solicitous care of one friend for another do not constitute a consideration. (*Gilman* v. *Hunnewell,* 191 App. Div. 908.) They are presumed to have been rendered gratuitously.

It appears that the claimant alleged that the decedent drew his will and that thereafter with knowledge of this fact the claimant neglected to assert a claim against the decedent. The counsel for the claimant has contended that there was a completed contract at the time of the execution of decedent's will and that the act of claimant, in failing to assert the claim which she alleges that she had against the decedent, was not a part of the transaction at all but was an act of claimant done in reliance upon the alleged contract. Where no legacy has been provided in a valid will, recovery against the estate cannot be based upon disappointed expectations or even on expression of

intention, in the form of a promise which was not carried out.

This court is of the opinion that the claimant is not entitled to the remedy sought by virtue of section 31 of the Personal Property Law since whatever agreement, promises or otherwise were not founded upon a note or memorandum in writing and subscribed by the deceased and that the feeling the claimant may have in relation to the estate of the deceased was based largely on expectations of becoming the object of testator's bounty wholly unsubstantiated by the requirements of the provisions of section 31 of the Personal Property Law.

As to claims numbered "3" and "4" it appears that the claimant was a legatee in the estate of Oscar Tschirky and that the decedent herein was one of three coexecutors. In claims numbered "3" and "4" she seeks to recover assets which are alleged to belong to the Oscar Tschirky estate.

It is in the opinion of this court well settled that a legatee of an estate is not entitled to assert a claim as such legatee against the estate of the executor of the estate in which she is a beneficiary. The matter has been properly disposed of in the case of *Bushe* v. *Wright* (118 App. Div. 320) in which arose a similar situation as to the claim in question. In that case an accounting was filed by the surviving executor and trustee. The appellant individually asserted a claim as to certain assets in the hands of the accountant as the sole legatee of her husband. The claim was that such assets actually belonged to the decedent's wife and had come into the hands of the decedent as executor of his said wife's estate and the appellant's husband was a legatee under the will of decedent's said wife.

The court held that the claim was properly dismissed by the trial court and the opinion of the court was as follows (p. 328): "Her husband had a right to have the estate of his mother settled and to obtain his distributive share, if any, after the payment of the debts and specific legacies. This right passed to his executrix, as such, and it did not vest in his legatees or devisees. The appellant now stands before this court merely in the right of a legatee or devisee of her husband. By virtue of the provisions of section 2606 of the Code of Civil Procedure her husband or his executrix could have compelled the executors of Frederick Bedford to account for his acts as executor and trustee under the will of M. Amelia Bedford, but I find no provision of law authorizing even such a proceeding by a *legatee or devisee of a legatee or devisee*. The appellant, individually, has no better standing to maintain the causes of action embraced

in her counterclaims than has a creditor or legatee to maintain an action to recover money owing to the decedent.''

There are many other authorities dealing with the same situation.

As was heretofore stated the notice of claim was originally executed by the claimant on January 19, 1953, and was filed on April 9, 1953. The claimant originally filed objections to the will and on February 9, 1953, the objections were withdrawn and the will was admitted to probate. On September 23, 1953, eight months after the claimant signed the notice of claim, a petition was filed by the surviving executors of the estate of Oscar Tschirky for a judicial settlement of their accounts. The claimant was personally served with a citation as one of the legatees in connection with that proceeding and she appeared therein by the same attorney who represented her in all the proceedings in both the Oscar Tschirky and the August Tschirky estates and who is now representing her in these proceedings.

The claimant at that time had full knowledge of all the facts upon which she based her alleged claim and also had knowledge of the fact that she was not a beneficiary under the will of August Tschirky. Knowing full well the situation, the claimant failed to assert any claim on the accounting in the Oscar Tschirky estate notwithstanding the fact that the account as filed by the executors did not recognize the claim asserted by the claimant here. On November 6, 1953, a decree was entered in which it was recited that the executors had fully accounted for all the assets of the Oscar Tschirky estate that had come into their hands and among other things had provided for payment to the legatees including the August Tschirky estate the balance of the estate funds remaining in the hands of the executors.

This court is of the opinion that the claimant should have asserted these claims in the Oscar Tschirky estate and that the claims against the estate in question are entirely improper and without foundation.

The attorney for the claimant has raised the question that the petitioner was in error in asking to have the objections dismissed at that time without any evidence before the court claiming that the claimant has not been afforded an opportunity to present any evidence. He further contends that the motion was based solely on the notice of claim and the bill of particulars served in pursuance to a demand and that those papers do not constitute formal pleadings.

This court is in accord with the petitioner's contention that the motion is in the nature of a motion for judgment on the pleadings under rule 112 of the Rules of Civil Practice and that the pleadings in this court constitute a petition, account, bill of particulars and objections. The usual procedure in Surrogate's Court on an accounting proceeding is a motion to be made to the Surrogate to dismiss or strike out objections orally when such matter comes up for consideration and that it is the opinion of this court that it has the power to determine such a motion made in that matter and to rule upon it. The judgment of this court is that the objections numbered " 2 ", " 3 " and " 4 " based upon the claims of the objectant should be dismissed.

A decree upon notice may be entered.